## DOCK DAVIS v. THE STATE.

### No. 4411.   Decided March 3, 1909.

**1.—Malicious Mischief—Evidence—Declarations of Defendant.**

Upon trial of maliciously throwing a missile into a car window there was no error in admitting the declarations of defendant to a party who was near when the transaction occurred, that defendant and another had chunked the train.

**2.—Same—Argument of Counsel.**

Where upon trial for malicious mischief the counsel for the State was reminded by counsel of the defendant that he was traveling out of the record in his remarks, whereupon the State's counsel withdrew the same, saying that he had no intention to go out of the record there was no reversible error.

Appeal from the County Court of Armstrong.   Tried below before the Hon. R. D. Doak.

Appeal from a conviction of maliciously throwing a missile; penalty, a fine of $5.

The opinion states the case.

*J. S. Stallings, E. T. Miller* and *Cooper & Stanford,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for wilfully and maliciously throwing a missile into the window of a train, and his punishment assessed at a fine of $5.

Bill of exceptions No. 1 complains that the State, over appellant's objection, proved by the prosecuting witness, Jack Nolen, the following: "I am not certain as to the words used, but to the best of my memory the substance of the conversation between me and

Dock Davis which followed is as follows: 'Dock Davis asked me if I heard the shooting, and I told him that I did, and asked him what he reckoned was the matter with them, and he said something about some bums being on the train, and that they (meaning the boys, Dock Davis and Powell Jack), had come to the depot to ride the train out of town, and that the train crew had put the boys off the train and would not let them ride, and that they were chunking them.' " Appellant objected to this testimony on the ground that same was incompetent because the witness did not remember the exact words used by the said Dock Davis, and was too uncertain to be used as the admissions of Dock Davis. There is no merit in this objection. The facts of this case show that appellant and his codefendant, Powell Jack, were put off of a train, and after leaving same threw rocks at it, and the conductor came out and fired off his pistol, he saying he fired it in the air; other witnesses say he shot at the parties throwing rocks. The witness Jack Nolen happened to be near when the transaction occurred, and one of the boys in the presence of the other, as shown by circumstantial evidence, made the above statement to him, the said Jack Nolen. This renders the testimony altogether admissible.

Bill No. 2 complains of the argument of the prosecuting attorney, wherein he used the following language: "Gentlemen of the jury, not long before all this happened (having reference to the throwing of the stone at the train) these boys were warned by one of their friends that if they did not be more careful they would be in trouble the first thing they knew." Whereupon the defendant's attorney then objected to said remark because the same was beyond the record, and was not based upon evidence, and the prosecuting attorney then stated to the jury: "Gentlemen of the jury, I will ask you not to consider the said remark. I thought it was right and proper, but I may be going a little too far." While this statement was not proper, it does not authorize a reversal of this case.

The judgment is affirmed.

*Affirmed.*